# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0206
Filed July 8, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Teodoro Rubio Sr.,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Dubuque County,
The Honorable Thomas A. Bitter, Judge.

———————————

**AFFIRMED**

———————————

Matthew L. Noel of Noel Law Office, Dubuque, attorney for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Ahlers, P.J., Buller, J., and Bower, S.J.
Opinion by Ahlers, P.J.

1

**AHLERS, Presiding Judge.**

A jury found Teodoro Rubio Sr. guilty of sexually abusing a female relative when she was a child. Specifically, Rubio was convicted of sexual abuse in the second degree (a class "B" felony) and two counts of lascivious acts by touching genitals to a child (each a class "C" felony).[1]

Rubio appeals. He contends (1) the evidence is insufficient to support his conviction for sexual abuse in the second degree because the State did not prove the child was under the age of twelve; (2) the evidence is insufficient to support his convictions for lascivious acts because the State failed to prove his acts were done to sexually gratify himself; and (3) the district court abused its discretion by denying his request for a mistrial based on prosecutorial misconduct during closing argument.

## I. Sufficiency of the Evidence

We review sufficiency-of-the-evidence challenges for corrections of errors at law. *State v. Schwartz*, 7 N.W.3d 756, 763 (Iowa 2024). We will not disturb a jury verdict if it is supported by substantial evidence. *Id.* at 764. Evidence is substantial if it could convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt. *Id.* In making that assessment, we view the evidence in the light most favorable to the State. *Id.*

### A. Age Challenge

On the sexual-abuse-in-the-second-degree charge, the district court instructed the jury that the State was required to prove that the child was under the age of twelve years at the time of the abuse. As Rubio did not object

---

[1] The jury also found Rubio guilty of lascivious acts by fondling or touching a child's genitals, but the district court merged that charge into the charge for sexual abuse in the second degree. Neither party challenges the merger.

to that instruction, it is the law of the case for purposes of his sufficiency challenge. *See State v. Lindaman*, 30 N.W.3d 547, 555 (Iowa 2025).

Rubio contends the State failed to prove this element. His contention is based on his claim that the alleged victim was noncommittal as to whether she was eleven years old when the act happened. But viewing the evidence in the light most favorable to the State, we find a rational juror could piece together multiple pieces of evidence to find beyond a reasonable doubt that the child was under the age of twelve.

The abuse occurred in Rubio's living room when the child was staying overnight. She testified that she was "probably about eleven" at the time. She awoke to find her pants unbuckled and pulled down and Rubio's hand touching her genitals, which she described as him having his "hands in [her] crotch area" and "on [her] vagina." She admitted she was not sure of her age, but the abuse occurred when she was in elementary school, not junior high. Jurors could rationally conclude that elementary school would end, at the latest, in sixth grade. And the child testified that she was eight years old in third grade, which would make her eleven years in sixth grade. Additionally, the abuse in the living room occurred before the family started living with Rubio when the child was twelve.

The child's estimate that the abuse in the living room occurred when she was eleven together with the testimony that the child was still in elementary school when it occurred and it occurred before the family moved in with Rubio when she was twelve could convince a rational juror that the child was under the age of twelve when the abuse in the living room occurred. So Rubio's challenge to the age element of the sexual-abuse-in-the-second-

degree charge fails.[2]

## B. Sexual Gratification

The two counts of lascivious acts with a child of which Rubio was convicted stemmed from acts in different locations at his residence. One act occurred on the porch when the child was eight. Rubio placed the child on his lap facing away from him with her legs inside of his legs. Her "butt and privates would be against his crotch," and she could feel his penis while he bounced her up and down.

The other occurred in the garage, also when the child was eight. Rubio carried her into the garage, set her down, pushed her back forward, and then held her hips while thrusting his hips against her from behind.

The jury instructions for each count required proof that Rubio acted "with the specific intent to arouse or satisfy the sexual desires of [himself] or [the child]."[3] No one contends Rubio acted to sexually gratify the child, so the issue is whether the State presented sufficient evidence that Rubio acted for the purpose of arousing or satisfying his own sexual desires. He contends the State failed to meet its burden for either count because the child

---

[2] Rubio's brief makes passing references to the child's testimony being vague and lacking in detail. Such references do not include any citations to the record or any legal authority, and they do not include any substantive argument. As such, if the references were meant as a challenge to the sufficiency of the evidence on the basis that the child's testimony was vague and lacking in detail, we find the issue forfeited. *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) (finding a party forfeits an issue when the party fails to clearly identify it, fails to make an argument in support of it, fails to make more than a perfunctory argument in support of it, or fails to cite any authority in support of it).

[3] Rubio did not object to either marshaling instruction, making them the law of the case for purposes of reviewing the sufficiency of the evidence. *Lindaman*, 30 N.W.3d at 555.

did not testify that Rubio's penis was erect.

We reject Rubio's challenge. Nothing in the jury instructions for lascivious acts with a child required Rubio to have an erect penis. During both acts, Rubio would gesture to the child not to tell anyone by putting his finger to his lips in a "shushing" motion. A rational juror could conclude that Rubio acted for the purpose of arousing or satisfying his sexual desires when he gestured to the child to keep quiet while he bounced the child on his lap in such a way that she could feel his penis against her "butt and privates" and bent her over while holding her hips and thrusting his hips against her back side. In short, substantial evidence supports the jury's finding of guilt on both counts.

## II.    Prosecutorial Misconduct During Closing Argument

Early in the State's closing argument, after referencing the incident when the child awoke to find her pants pulled down and Rubio's hand on her genitals, the prosecutor said, "And obviously it's possible however many times that she didn't wake up from." Rubio's counsel objected based on "[f]acts not in evidence." The district court did not rule on the objection and told the prosecutor to continue.

As soon as the prosecutor finished his closing argument, Rubio's counsel asked to be heard outside the presence of the jury and made a motion for mistrial. The district court agreed that the prosecutor's comment was improper, as it "ask[ed] the jury to assume or guess or infer or somehow conclude that it probably did happen some times that she didn't wake up when there isn't any evidence of that." The court denied the motion for mistrial, but, before Rubio's counsel gave his closing argument, the court gave the jury this curative instruction:

> Ladies and gentlemen of the jury, you are instructed that the jury may not draw any conclusions or enter any verdict based upon anything other than the evidence presented at trial. The State's argument that abuse may have occurred while [the child] was sleeping was not any evidence that was presented at trial, and it cannot be a basis for any verdict in this case.

The court also authorized Rubio's counsel to make responsive arguments along the line that "the State is trying to make them focus on things that weren't presented into evidence."

Rubio contends the district court erred by not granting his motion for mistrial based on prosecutorial misconduct. The State challenges error preservation, both as to the timing and content of the motion for mistrial. We bypass the error-preservation challenge by assuming without deciding that error was preserved and proceed to the merits. We review for an abuse of discretion. *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018).

To establish a due process violation based on prosecutorial misconduct, Rubio is required to show that prosecutorial misconduct occurred, and such misconduct resulted in prejudice that denied him a fair trial. *See id.* at 138. Prosecutorial misconduct includes "making unsupported statements during closing argument." *Id.* at 139 (citation omitted). We assume without deciding that the prosecutor's statement qualifies as misconduct under that standard, and we turn to the prejudice prong of the analysis.

To determine whether misconduct is sufficiently prejudicial to warrant a new trial, we consider: "(1) The severity and pervasiveness of misconduct; (2) the significance of the misconduct to the central issues in the case; (3) the strength of the State's evidence; (4) the use of cautionary instructions or

other curative measures; [and] (5) the extent to which the defense invited the misconduct." *Id.* at 140 (citation omitted).

As to the first consideration, the misconduct consisted of one sentence in a closing argument that spanned nearly thirteen pages of transcript. It was not pervasive. And, while improper, the statement was not severe. The first consideration supports the denial of a mistrial.

The significance of the misconduct in relation to the central issues in the case also supports the denial of a mistrial. By its nature, the improper statement was talking about speculative events that did not directly relate to the crimes charged. The State charged Rubio for repeated acts of abuse, none of which occurred entirely while the child slept, so the prosecutor's improper remark about abuse occurring in her sleep did not directly relate to the central issues in the case.

As to the strength of the State's evidence, we find the evidence to be strong. The child, who was an adult when she testified, provided detailed testimony of the abuse. The strength of the State's evidence supports the denial of a mistrial.

As to curative measures, the court gave a strongly worded curative instruction immediately after the prosecutor completed his closing argument in which the improper statement was made. And the court gave Rubio's counsel free rein to make responsive arguments. These curative efforts cut heavily in favor of denying a mistrial.

As to the defense inviting the misconduct, the defense did not. So, this consideration cuts in favor of granting a mistrial.

After weighing the relevant considerations, we find no abuse of discretion in the court's denial of Rubio's mistrial motion based on prosecutorial misconduct.

## III. Conclusion

Having rejected each of Rubio's challenges to the sufficiency of the evidence and his challenge to the denial of his motion for a mistrial, we affirm Rubio's convictions.

**AFFIRMED.**